UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALBERT CASTILLO,** | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | SA-06-CA-0367 FB (NN) |
| **RALPH LOPEZ, Bexar County Sheriff, In His Official Capacity, and COUNTY OF BEXAR,** | § § § § § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

This order directs plaintiff Albert Castillo to show cause why his civil rights claims should not be dismissed for failing to exhaust his administrative remedies. Castillo has sued Bexar County Sheriff Ralph Lopez and Bexar County, alleging that he was beaten on May 1, 2004 while he was an inmate at the Bexar County Jail. Liberally construed, Castillo's complaint alleges the violation of his civil rights through an excessive use of force, a violation of civil rights based on race discrimination, and battery under state law. The defendants moved for dismissal of Castillo's claims on numerous grounds.[1] Relevant to this order, the defendants asserted that Castillo's civil rights claims should be dismissed for failing to exhaust his administrative remedies.[2]

Under 42 U.S.C. § 1997e, a prisoner must exhaust his administrative remedies prior to

---

[1] Docket entry # 4.

[2] *See id.*, p. 10.

filing a federal civil rights lawsuit.³  Because the statute requires a prisoner to exhaust his administrative remedies prior to filing suit, it is ordinarily insufficient to exhaust administrative remedies during the pendency of a civil rights suit.⁴  If a prisoner fails to exhaust his administrative remedies prior to filing suit, the district court must dismiss the prisoner's civil rights claims.

    The defendants maintain that the exhaustion requirement applies, in part, because Castillo is an inmate in the custody of the Texas Department of Criminal Justice (TDCJ).  To show that Castillo is an inmate subject to the exhaustion requirement, the defendants presented an affidavit by Corporal Paul Flores—the TDCJ coordinator assigned to the Bexar County Jail.  Flores attested that Castillo is in custody at the TCDJ Connelly Unit and that Castillo has been continually confined at Connelly since May 28, 2004.  Because Castillo's complaint does not indicate whether Castillo pursued his administrative remedies, it appears that Castillo was required to exhaust his administrative remedies prior to filing this lawsuit and that he has failed to do so.  For these reasons, I ORDER Castillo to show cause in writing by April 2, 2007 and explain why his civil rights claims should not be dismissed for failing to exhaust his administrative remedies.   If Castillo fails to respond to this order by April 2, 2007, I will recommend to the District Court that Castillo's civil rights claims be dismissed for failure to

---

³*See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

⁴*See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).

exhaust his administrative remedies.

    **SIGNED** on March 19, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE