UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALBERT CASTILLO,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-06-CA-0367 FB (NN)** |
| **RALPH LOPEZ, Bexar County Sheriff,** | § | |
| **In His Official Capacity, and** | § | |
| **COUNTY OF BEXAR,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER IMPOSING SANCTIONS

The matter before the Court is the imposition of Rule 11 sanctions.

On March 19, 2007, I directed counsel for plaintiff, James Myart, to appear before me and to show cause why he should not amend Castillo's complaint and why he should not be sanctioned for violating Rule 11 of the Rules of Federal Civil Procedure.[1]  In my order, I explained why it appeared that Mr. Myart had copied the allegations from the complaint he filed in Cause No. SA-06-CA-335 without any belief that the allegations had an evidentiary basis in this case.  I also directed the defendants' attorney to attend the show cause hearing and to address the amount of attorneys fees attributable to the portion of the defendants' motion to dismiss that serves as the basis for the defendants' request for sanctions.

Mr. Myart appeared and explained that the allegations in the complaint in this case are more-than-similar to the allegations contained in the complaint filed in Cause No. SA-06-CA-335.  Mr. Myart characterized the allegations as exact.  He explained that Castillo's mother

---

[1]*See* docket entry # 12.

contacted him about representing her son on the last day of the limitations period and that he instructed his law clerk to use the complaint filed in Cause No. SA-06-CA-335 as a model for drafting a complaint in this case.  Mr. Myart admitted that, unlike Cause No. SA-06-CA-335, this case does not involve an allegation that the defendants failed to prevent the plaintiff from attempting to commit suicide.  Instead, Mr. Myart explained, this case involves an allegation that the defendants used excessive force.  Mr. Myart acknowledged that he had no reason to believe that Castillo had attempted to commit suicide.  Despite this acknowledgment, Mr. Myart did not explain why he signed the complaint indicating that Castillo had attempted to commit suicide. Instead, he questioned why the defendant's attorney did not call him about the attempted suicide allegations before preparing and filing defendants' motion to dismiss.

Under Rule 11, an attorney has an obligation to sign and file only pleadings that he believes contain allegations and other factual contentions that "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ."[2]  "If, after notice and a reasonable opportunity to respond, the court determines that [this requirement] has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated [the requirement] or are responsible for the violation."[3]

In this case, Castillo's complaint alleges that he "was unmercifully beaten by Defendants' Deputy Sheriffs [on May 1, 2004] while incarcerated," resulting in "sever [sic] injuries, to wit,

---

[2] FED. R. CIV. P. 11(b).

[3] FED. R. CIV. P. 11(c).

broken ribs, fractured eye socket, contusions, and lacerations."[4]  The complaint further alleges

that the defendants' use of force was unreasonable and that the defendants' actions constituted

assault and battery under state law.[5]  Although these allegations give rise to a civil rights claim

based on an excessive use of force, the complaint further complains about Castillo's suicide

attempt;[6] the actions of medical officials not named as defendants;[7] "the opportunity to commit

the ultimate sin, death by suicide, within the confines of the Bexar County Jail";[8] Castillo's

ingestion of controlled substances;[9] assertions about how "a condemned man is to be put to death

outside of the law;"[10] allegations that the defendants "knew of his threats or attempts or both to

commit suicide;"[11] the defendants' failure to take action to prevent the suicide attempt;[12] the

failure to render appropriate medical care;[13] allegations of deliberate indifference[14]—a standard

used in pursuing a claim for deliberate indifference of serious medical needs; and a conspiracy to

---

[4]Docket entry # 1, ¶¶ 12, 13.

[5]*Id*. at ¶ 50.

[6]*Id*. at ¶¶ 21 & 35.

[7]*Id*. at ¶¶ 1, 3, 24 & 27.

[8]*Id*. at ¶ 3.

[9]*Id*. at ¶ 3.

[10]*Id*. at ¶ 6.

[11]*Id*. at ¶ 17.

[12]*Id*. at ¶¶ 21 & 35.

[13]*Id*. at ¶ 27.

[14]*Id*. at ¶ 29.

cover up his suicide attempt with false medical reports.[15]  Mr. Myart has admitted that these allegations were copied from the complaint in Cause No. SA-06–CA-335, without any belief that Castillo attempted suicide.  By signing and filing the complaint without any belief that Castillo attempted to commit suicide, Mr. Myart violated Rule 11 by filing a pleading without evidentiary basis.

Despite notice of the defendants' characterization of Castillo's complaint and the defendants' request for sanctions, Mr. Myart never clarified whether Castillo attempted suicide while he was detained at the Bexar County Jail and whether Castillo is pursuing a claim based on a suicide attempt until the show-cause hearing.  Even if Mr. Myart had believed that Castillo had attempted to commit suicide when he filed Castillo's complaint, the defendants' motion placed Myart on notice that it appeared that he had filed a complaint containing allegations without an evidentiary basis, necessitating an amended complaint.  Yet, Mr. Myart did not file an amended complaint.  Even though he had ten months to investigate the factual allegations contained in the complaint, Mr. Myart never filed an amended pleading to clarify Castillo's allegations and to delete any allegation that does not or is not likely to have an evidentiary basis.

Rule 11 requires attorneys to "stop and think" before making factual allegations.  It is clear here that Mr. Myart did not stop and think before signing and filing Castillo's complaint. Instead, he directed his law clerk to draft a complaint using a complaint from a case with different facts and different legal theories, he signed the complaint, and then filed the complaint. Even after being placed on notice that the attempted-suicide allegations appeared to have no evidentiary basis, Mr. Myart failed to amend his complaint to delete allegations about an

---

[15]*Id.* at ¶ 71.

attempted suicide attempt.  Although he stated in court that he took full responsibility for what had occurred, most of Mr. Myart's argument was directed at attempting to shift the blame to the defendants' attorney because she failed to call him when she observed the allegations about the alleged suicide attempt and because the defendants' attorney should have known that the allegations were untrue because she had represented the attorneys in Cause No. SA–06–CA–335. Shifting the blame is not accepting responsibility.  Mr. Myart violated Rule 11 by signing and filing a pleading without evidentiary basis and by failing to amend Castillo's complaint after being placed on notice that the complaint contained allegations that are not true.

Under Rule 11, a sanction must be "limited to what is sufficient to deter repetition of such conduct. . . ."  Among the sanctions that a court can impose is "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."[16]  Here, an award of the attorneys' fees incurred as a direct result of the violation is an appropriate sanction to deter such conduct in the future.

During the hearing, the defendants' attorney appeared and presented an affidavit containing the defendants' costs attributable to that portion of the defendants' motion to dismiss that serves as the basis for the defendants' request for sanctions—the portion attributable to the allegations about an attempted suicide attempt.  Subsequently, Mr. Myart filed written objections to the attorney's affidavit of costs.  Mr. Myart complained that the defendants' attorney expended the time to ascertain whether Castillo had attempted suicide while he was in custody at the Bexar County Jail even though the defendants' attorney knew that the plaintiff in Cause No. SA-06–CA–335 had attempted to commit suicide and should have known that Castillo had not.  Mr.

---

[16]Fed. R. Civ. P. 11(c)(2)(A).

Myart also questioned the level of detail contained in the affidavit and that the hourly rate used to calculate attorney's fees was excessive.

"[T]he first step in determining reasonable attorneys' fees is an evaluation of the number of hours reasonably expended."[17]  As the movant for sanctions, the defendants bear the burden of documenting the appropriate hours expended and hourly rates.[18]  The defendants have met this burden.  The defendants' affidavit details the number of hours by task.  Although Mr. Myart complains that the affidavit does not include dates and times,[19] the affidavit is specific enough to permit a court to determine whether the claimed number of hours is reasonable.  The affidavit claims 14.2 hours to review Castillo's complaint, request documents from the Bexar County Sheriff, review the requested documents, compare Castillo's complaint to the complaint in Cause No. SA-06–CA-335, research and draft the portion of the motion to dismiss that responds to the allegations about an attempted suicide, and interview a jail employee regarding whether Castillo attempted suicide.  Nothing about the defendants' time record suggests that an unreasonable amount of time was spent on accomplishing these tasks or that these tasks were unnecessary.  Although the defendants' attorney may have been familiar with the allegations in Cause No. SA-06–CA-335, she would not have been familiar with Castillo's allegations until she received the complaint and she would not have known whether Castillo had attempted suicide.  The requested number of hours is reasonable.

---

[17]*Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

[18]*See Kellstrom*, 50 F.3d at 324.

[19]The complaint was served on the defendants on November 7, 2006; the motion to dismiss and for sanctions was filed on November 29, 2006.  Thus, it is easy to determine that the time in the affidavit was expended between November 7, 2006 and November 29, 2006.

The second step in determining reasonable attorneys' fees is to "multiply the reasonable hours by the reasonable hourly rates."[20]  The movant bears the burden to establish that the claimed rate is reasonable by showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[21]  Here, the defendants have requested a rate of $250.00 per hour.  The defendants attested that their attorney has been licensed since November 1992 and that she has handled complex, multiparty cases for Bexar County.  Although Mr. Myart suggested that $60.00 per hour was a reasonable rate,[22] the State Bar of Texas has reported that the mean hourly rate in 2005 for attorneys with between 11 and 15 years of experience practicing in the San Antonio Metropolitan Area for attorneys was $230.00 per hour.[23]  The requested rate of $250.00 is in line with the $230.00 rate for 2005.  The requested rate is reasonable.

Multiplying the reasonable hours of 14.2 hours by the reasonable hourly rate of $250.00 equals $3,550.00 in reasonable attorney's fees.  I find that this amount is a reasonable sanction for violating Rule 11 by signing and filing a pleading without evidentiary basis and for failing to correct that pleading after being placed on notice about the absence of an evidentiary basis.  I, therefore, ORDER James Myart to pay Bexar County the amount of $3,550.00 as a sanction.  Mr.

---

[20]*Kellstrom*, 50 F.3d at 324.

[21]*Blum v. Stenson*, 465 U.S. 886, 896 (1984).

[22]Notably, Mr. Myart—as the movant for sanctions in Cause No. 05-CV-256—requested attorney's fees at a rate of $475.00 per hour for his services.  *See* Cause No. 05-CV-256, docket entry # 49.

[23]*See* STATE BAR OF TEX., DEP'T OF RESEARCH & ANALYSIS, HOURLY RATES IN 2005 REPORT, Sept. 21, 2006, *available at* http://www.texasbar.com/template.cfm?section=reports.

Myart shall pay this sanction within 180 days of the date of this order.

It is so ORDERED.

**SIGNED** on April 4, 2007.


_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE