# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALBERT CASTILLO,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-06-CA-0367 FB (NN)** |
| **RALPH LOPEZ, Bexar County Sheriff,** | § | |
| **In His Official Capacity, and** | § | |
| **COUNTY OF BEXAR,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING DEFENDANTS' MOTION TO DISMISS

**TO:   Hon. Fred Biery**
**United States District Judge**

This memorandum and recommendation addresses the motion to dismiss filed by defendants Bexar County (the County) and Bexar County Sheriff Ralph Lopez .[1]  In the motion, the defendants advanced several arguments about why plaintiff Albert Castillo's claims should be dismissed.  After considering the motion, I recommend that Castillo's civil rights claims be dismissed for failing to exhaust administrative remedies and that Castillo's state law claim be dismissed because it is barred by sovereign immunity.

### Procedural Background and Nature of the Case

Castillo filed this action on May 1, 2006,[2] and alleged, among other things, that guards at the Bexar County Jail beat him on May 1, 2004.  There were several problems with Castillo's

---

[1]Docket entry # 4.

[2]*See* docket entry # 1.

complaint.  I addressed those problems through a show cause hearing.[3]  During the sanctions

hearing, Castillo's attorney admitted that no evidentiary basis existed for allegations about an

attempted suicide attempt and clarified that this case is about an alleged excessive use of force.

Castillo's attorney asked to file an amended complaint to delete allegations about an attempted

suicide attempt and to clarify Castillo's claims.[4]  I will grant that motion simultaneously with

making this recommendation.

Liberally construed, Castillo's original complaint and his first amended complaint allege

the violation of Castillo's civil rights through an excessive use of force, a violation of civil rights

based on a failure to protect, a violation of civil rights based on race discrimination, and assault

and battery under state law.  In their motion to dismiss, the defendants asserted that Castillo's

civil rights claims should be dismissed for failing to exhaust his administrative remedies.[5]  The

defendants maintained that the exhaustion requirement applies because Castillo is an inmate in

the custody of the Texas Department of Criminal Justice (TDCJ).  To show that Castillo is an

inmate subject to the exhaustion requirement, the defendants presented an affidavit by Corporal

Paul Flores—the TDCJ coordinator assigned to the Bexar County Jail.[6]  Flores attested that

Castillo is in custody at the TCDJ Connelly Unit and that Castillo has been continually confined

at Connelly since May 28, 2004.

Because Castillo's original complaint did not indicate whether Castillo pursued his

---

[3]*See* docket entry # 12.

[4]Docket entry # 15.

[5]*See id*., p. 10.

[6]*See* docket entry # 4, attach. 3.

2

administrative remedies, I issued a show cause order directing Castillo to show cause in writing why his civil rights claims should not be dismissed for failing to exhaust his administrative remedies. Castillo responded by first asserting in his proposed amended complaint that he had exhausted his administrative remedies[7] and by later submitting an inmate grievance form in which Castillo complained about the beating.[8] The defendants replied to Castillo's response and asserted that Castillo had not exhausted his administrative remedies because he failed to file a Step 2 grievance. The defendants attached two affidavits and two inmate grievance forms to show that Castillo had failed to exhaust his administrative remedies. The defendants also asked the Court to strike Castillo's second response to my show cause order because it was late.[9] I will deny that motion simultaneously with making this recommendation. The interests of justice require that Castillo be given the opportunity to show that he exhausted his administrative remedies.

### Castillo's Civil Rights Claims

Under 42 U.S.C. § 1997e, a prisoner must exhaust his administrative remedies prior to filing a federal civil rights lawsuit.[10] Because the statute requires a prisoner to exhaust his administrative remedies prior to filing suit, it is ordinarily insufficient to exhaust administrative

---

[7]*See* docket entry # 15 & attach. 5 to docket entry # 15.

[8]*See* docket entry # 16.

[9]Docket entry # 20.

[10]*See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

remedies during the pendency of a civil rights suit.[11]  If a prisoner fails to exhaust his

administrative remedies prior to filing suit, the district court must dismiss the prisoner's civil

rights claims.

In this case, the affidavits and the inmate grievance forms submitted by the defendants

show that Castillo did not exhaust his administrative remedies.  In the affidavits, Harold

Moreland—Grievance Coordinator for the Bexar County Jail—explained that the jail grievance

procedure involves two steps.  "Step 1 is the initial filing of the grievance that alerts the

institution of the alleged problem.  This must be filed within 72 hours of the incident."[12]  After a

grievance is reviewed, a jail official provides the inmate with a response.[13]  If the inmate is

dissatisfied with the response, the inmate has 72 hours to appeal the decision to the jail

administrator.[14]  This part of the grievance procedure is called Step 2.

Two grievance forms show that this process was not completed.  Castillo completed the

first form on May 2, 2004.  The form is very difficult to read, but indicates that Castillo

complained about an incident in which he was injured in the jail day room on May 1, 2004.[15]

The response to that Step 1 grievance reads, 'REFER TO GRIEVANCE 04-5418."  The form has

a cover sheet summarizing the complaint as "[t]he inmate alleges that he was punched and

kicked by 2nd shift staff."  The resolution at the bottom of the form reads, "[t]he inmate was

---

[11]*See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).

[12]Docket entry # 19, attach. 1 & 3.

[13]*See id.*

[14]*See id.*

[15]Docket entry # 19, attach. 2.

advised that the issue was addressed in grievance # 04-5418."

Castillo completed the second form on May 3, 2004.  In the form, he complained that Officer Neto had banged his head on the wall on May 1, 2004 and that Officer Flores held him while Neto punched him in the face.[16]  The response to that complaint assigned "04-5418" as a case number and reads, "ISSUE UNDER INVESTIGATION."  The cover sheet to this form summarizes the complaint as "[t]he inmate alleges that he was punched and kicked by 2nd shift officer Chris Nieto."  The cover sheet indicated that Detective Jesse Huron of CID advised that the case "was being investigated by the FBI."

These forms are sufficient to satisfy Step 1 of the grievance process because the forms were completed within 72 hours of the incident and because the forms alerted jail officials about the beating.  No form, however, shows that Castillo appealed the disposition of his Step 1 grievances within 72 hours.  In his affidavits, Moreland attested that Castillo did not file a Step 2 grievance to appeal the dispositions of his Step 1 grievances.  By not doing so, Castillo failed to exhaust his administrative remedies.  Because section 1997e requires an inmate to exhaust his administrative remedies prior to filing a federal civil rights lawsuit, the defendants are entitled to dismissal of Castillo's civil rights claims.

**Castillo's State Law Claim**

Apart from Castillo's civil rights claims, Castillo alleges a claim of assault and battery.  The defendants moved to dismiss this claim based on sovereign immunity.[17]

Sovereign immunity bars suits against the State unless the Legislature expressly

---

[16]Docket entry # 19, attach. 4.

[17]*See* docket entry # 4, p. 9.

> gives consent. Governmental immunity affords political subdivisions such as counties and municipalities similar protection for their governmental functions. The Texas Tort Claims Act ("TTCA") waives both sovereign and governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property."  The TTCA's waiver of sovereign immunity does not extend to a plaintiff's claim for personal injury if that claim arises out of an intentional tort.[18]

The TTCA does not waive the County's immunity to Castillo's state law claim.  Castillo's assault and battery is "an intentional tort, expressly excluded from the TTCA's waiver of sovereign immunity."[19]  Consequently, the County is entitled to dismissal of Castillo's state law claim.

Sheriff Lopez is also entitled to dismissal of the claim, but for a different reason.  Castillo has sued Sheriff Lopez in his official capacity.[20]  In *Kentucky v. Graham*, the Supreme Court explained that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."[21]  Sheriff Lopez is not a proper defendant in his official capacity because Castillo sued Bexar County.  Consequently, Castillo's claim against him should be dismissed.

### Recommendation

Castillo's civil rights claims should be dismissed because he failed to exhaust his administrative remedies.  Castillo's state law claim against the County for assault and battery

---

[18]*Barr v. City of San Antonio*, No. SA-06-CA-0261-XR, 2006 WL 2322861, at * 2 (W.D. Tex. July 25, 2006) (citations omitted).

[19]*Id*.  *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) (Vernon 2005).

[20]See docket entry # 1, p. 4 (naming Ralph Lopez as a defendant and identifying Lopez as the duly elected Sheriff of Bexar County); docket entry # 15, attach 4, p. 3 (same).

[21]*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

should be dismissed because the TTCA does not waive immunity for intentional torts.  Castillo's claim against Sheriff Lopez for assault and battery should be dismissed because Sheriff Lopez is not a proper defendant.  I recommend GRANTING  the defendants' motion to dismiss (docket entry #4) to the extent that the defendants' request for dismissal of Castillo's civil rights claims based on the failure to exhaust his administrative remedies and their request for the dismissal of Castillo's state law claims based on sovereign immunity be granted.  The Court need not address the defendants' other grounds for dismissal.  I also recommend DISMISSING the state law claim against Sheriff Lopez because he is not a proper defendant.  If the Court accepts this recommendation, no claim will remain and the Court can DISMISS the case.  The Court can deny the defendants' motion for summary judgment as moot.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[22]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A

---

[22]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[23]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[24]

      **SIGNED** on May 2, 2007.

                  *Nancy Stein Nowak*

                  NANCY STEIN NOWAK
                  UNITED STATES MAGISTRATE JUDGE

---

[23]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[24]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

8