UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT CASTILLO, | § | |
| | § | |
| **Plaintiff,** | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0367 FB (NN) |
| RALPH LOPEZ, Bexar County Sheriff, | § | |
| In His Official Capacity, and | § | |
| COUNTY OF BEXAR, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER DENYING MOTION FOR CONTINUANCE AND STAY, AND CERTIFYING FACTS PURSUANT TO 28 U.S.C. §636(e)(6)(B)

The matter before the Court is plaintiff's motion for continuance, to stay, and for expedited ruling (document 36), and the defendants' response thereto (document 37).

On October 5, 2007, defendants advised the Court that James Myart, counsel for plaintiff, had failed to pay the $3,550 sanction imposed on April 4, 2007 within 180 days from date of the Order (document 33). The Court imposed the sanction after Myart was found to have violated Federal Rule of Civil Procedure 11 in connection with the filing of the complaint in this case (document 18). In their Advisory defendants asked that the Court require Mr. Myart to comply with the earlier Order directing payment.

I directed Myart to file a written response to the Advisory by October 31. In response, Myart filed the motion for continuance now before the Court in which he asserts that since September 21 he has been under physician directed "strict medical leave" which prohibits him from making court appearances, attending trials, writing briefs, and work related travel, for a period now extended

1

through November 30, 2007.

In their response to the motion for continuance, defendants rely on a recent decision from the District of Columbia in which an identical motion for continuance filed by Myart was denied, as the Court found that Myart's activities, including attendance at city counsel meetings, civil protests, filing of new complaints, providing statements to the press, and conducting news interviews from his home were inconsistent with the actions of a person whose medical condition prevented him from performing his obligations to the Court.[1]

I agree with this assessment and will deny the motion for continuance and for stay.  By my Order of October 18, I invited Mr. Myart to respond to the accusation that despite being allowed a generous six months, he had failed to pay a Rule 11 sanction in the modest amount of $3,550.  If he had paid the sanction, he could have simply said so and provided documentation of same.  If he had failed to – and notably, he did not appeal the imposition of sanctions – he could have explained the reasons for his failure.  Responding to my October 18 Order required no discovery and no investigation; far less than what was required to file a new civil action[2], participate in civil discourse, and other public activities, or even file the motion for continuance now before the Court.  Myart has not shown good cause for the continuance or stay.

For the foregoing reasons the motion for continuance, to stay, and for expedited ruling is ORDERED DENIED.

---

[1]**Williams v. Johanns**, 2007 WL 3146899 (D. D.C. Oct. 30, 2007).

[2]The Court in **Williams v. Johanns**, observed that Myart filed a new civil action in cause number SA-07-CA-747 RF after being placed on medical leave.  Additionally, during the time Myart has been on "strict medical leave," he filed an amended complaint in SA-07-CA-747 RF on October 1, 2007, and is attorney of record in cause number SA-07-CA-816 FB, another new civil action, filed on October 10, 2007.

**Certification of Facts RE Contempt Pursuant to 28 U.S.C. §636(e)(6)(B)**

Defendants have advised the Court that Myart failed to pay the $3,550 sanction within the time directed.  The April 4 Order directing Myart to pay the sanction was clear and specific.  The Order was not appealed or set aside.  Despite being provided an opportunity to respond to the accusation of non-payment, to provide documentation of substantial or even partial compliance, good cause for failure to comply, or request for extension of the time to pay, Myart failed to respond other than with a motion for a continuance of the time to respond to the Advisory and request for stay, which I have denied.  In the absence of evidence to the contrary, I find that Myart has failed to pay the sanction imposed and therefore has failed to comply with the Court's Order of April 4, 2007.

Accordingly, for the reasons stated above, pursuant to 28 U.S.C. §636(e)(6)(b):

1.    I hereby CONDITIONALLY CERTIFY the facts as summarized above to the District Judge.

2.    In the interests of justice, Myart is ORDERED to pay the amount of $3,550 to defendants and file written documentation of same with the Court within 10 days of this Order.  If Myart complies with this Order, making full payment and providing documentation of same, this conditional certification will be vacated and withdrawn.

3.    If Myart fails to pay within the time provided above and fails to provide appropriate documentation of same, he is ORDERED to appear before the District Judge on a date certain as further directed to show cause why he should not be adjudged in contempt by reason of the facts so certified; for the District Judge to "hear evidence as to the conduct complained of; and if it such as to warrant punishment, punish such person

3

in the same manner and to the same extent as for a contempt committed before the district judge."  28 U.S.C. §636(e)(6)(B).

**SIGNED** on November 15, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

4